PER CURIAM.
The public defender’s motion to withdraw is granted and judgment and sentence are affirmed.
The assistant public defender accurately identified the arguable point on appeal to be whether a person may be taken into custody for an investigatory detention in order to remove physical evidence from the person’s body, namely a hair sample. She pointed out there was competent substantial evidence in the record of this case that appellant voluntarily accompanied an officer to the police station and cooperated in the removal of hair from his head with a comb. Alternatively, drawing legal support from Cupp v. Murphy, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973), and Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), she showed there was probable cause to detain the appellant and to intrude upon his body in a limited manner in order to preserve ephemeral evidence. Considering the facts of this case and the pertinent case law, it is clear that appellant could not prevail.
We remind all counsel for criminal defendants that defense counsel’s role in an appeal is that of defendant’s active advocate, not amicus curiae, and that defendant is entitled to the representation unless the appeal is wholly frivolous. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Where there are legal points arguable on the merits, defense counsel should prepare a conventional appellate brief, not an Anders brief.
GLICKSTEIN, DELL and WALDEN, JJ., concur.